In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Douglas BATT, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Douglas BATT, Respondent.

Supreme Court

*No. 2008AP2817–D. Decided February 3, 2010.*

2010 WI 7

(Also reported in 778 N.W.2d 29.)

¶ 1. PER CURIAM. We review the report and recommendation of Referee Timothy L. Vocke that Attor-

ney Douglas Batt be publicly reprimanded for professional misconduct and that Attorney Batt pay the costs of this proceeding. The Office of Lawyer Regulation (OLR) filed a four-count complaint against Attorney Batt alleging misconduct with respect to his representation of his former client, L.G. The referee concluded the evidence supported the allegations that Attorney Batt failed to consult with L.G. regarding the means by which to appeal, contrary to SCR 20:1.4(a)(2)[1] (Count 2), and that Attorney Batt failed to keep his client reasonably informed about the status of a matter, contrary to SCR 20:1.4(a)(3)[2] (Count 3).

■

¶ 2. The referee determined the evidence failed to support the allegation that Attorney Batt failed to abide by his client's decision to file an appeal (Count 1). The referee also concluded the evidence was insufficient to show Attorney Batt violated his duty to act with reasonable diligence by failing to file a timely appeal (Count 4). The referee recommended dismissal of Counts 1 and 4.

¶ 3. Upon our independent review, we approve the referee's findings and conclusions and adopt them. No appeal of the referee's report and recommendation has been filed. The referee's findings and conclusions are supported by the record. We conclude Attorney Batt's professional misconduct warrants a public reprimand. We order Attorney Batt to pay the full costs of this disciplinary proceeding.

---

[1] SCR 20:1.4(a)(2) provides that a lawyer shall "reasonably consult with the client about the means by which the client's objectives are to be accomplished; . . . ."

[2] SCR 20:1.4(a)(3) provides that a lawyer shall "keep the client reasonably informed about the status of the matter; . . . ."

¶ 4. Attorney Batt was admitted to the practice of law in Wisconsin in 1990. He practices in the Milwaukee area. In 2007 Attorney Batt was publicly reprimanded for trust account violations. *See* Public Reprimand of Douglas Batt, No. 2007–04.

¶ 5. The current matter involves Attorney Batt's representation of L.G. in his probation revocation proceedings. Attorney Batt attended L.G.'s probation revocation hearing on August 8, 2007. In a decision dated August 10, 2007, the administrative law judge revoked L.G.'s probation. On the same day, a copy of the decision was sent to Attorney Batt with a letter stating the time limit to file an administrative appeal was August 24, 2007. L.G. also received a copy of the decision and was notified of the time limit for filing an appeal.

¶ 6. Following a conversation with L.G. after the appeal time had expired, Attorney Batt sent a letter to the division of hearings and appeals requesting an extension to file an appeal. The administrator denied the extension, noting he had no authority to enlarge the time for an administrative appeal. The referee found that Attorney Batt did not inform L.G. the administrator had denied his extension request.

¶ 7. Attorney Batt did not file a timely appeal on behalf of L.G. The referee found credible Attorney Batt's testimony at the disciplinary hearing that L.G. did not request an appeal to be filed before the time limit had expired. The referee determined the OLR failed to show that Attorney Batt was under any obligation to file an appeal or a petition for a writ of certiorari, absent a request from his client.

¶ 8. The referee concluded the evidence established violations as alleged in Counts 2 and 3. The referee found that Attorney Batt failed to consult with his client regarding the means by which the appeal of

the adverse probation revocation decision was to be accomplished or otherwise advise his client of available options. The referee also determined that by failing to notify L.G. that the extension request had been denied, Attorney Batt failed to keep his client reasonably informed regarding the status of the matter.

¶ 9. As to Count 1, the referee concluded the OLR failed to show L.G. had made a timely request to appeal. With respect to Count 4, the referee further concluded the OLR failed to show that the scope of Attorney Batt's representation included the filing of an administrative appeal.

¶ 10. Turning to the issue of discipline, the referee found the most aggravating factor was Attorney Batt's previous public reprimand. Another aggravating factor the referee found was that client communication is a basic and significant duty. In mitigation, the referee observed Attorney Batt's previous discipline involved totally unrelated trust account violations. Additionally, the referee doubted Attorney Batt's misconduct caused L.G. any actual harm, noting that L.G. had been "in deep trouble long before he ran into [Attorney Batt]. It's unlikely that there's anything that Mr. Batt could have done at that hearing to get him out of trouble or subsequently. Based upon the testimony today, there was no merit to an appeal." Therefore, the referee concluded Attorney Batt's misconduct warranted a public reprimand and he should bear the costs of the proceeding.

¶ 11. A referee's findings of fact will not be overturned unless clearly erroneous. *See In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. We independently review the referee's legal conclusions. *Id.* Referee Vocke's find-

ings and conclusions are unchallenged and supported by the record. We therefore approve and adopt the referee's findings and conclusions regarding Attorney Batt's misconduct.

¶ 12. It is our independent responsibility to determine appropriate discipline. *See In re Disciplinary Proceedings Against Reitz,* 2005 WI 39, ¶ 74, 279 Wis. 2d 550, 694 N.W.2d 894. We must consider the seriousness of the misconduct, the need to protect the public, courts, and legal system from the repetition of misconduct, the need to impress upon the attorney the seriousness of the misconduct, and the need to deter other attorneys from engaging in similar misconduct. *See In re Disciplinary Proceedings Against Arthur,* 2005 WI 40, ¶ 78, 279 Wis. 2d 583, 694 N.W.2d 910. We are satisfied the record supports the referee's recommendation of a public reprimand.

¶ 13. We also impose full costs. Supreme court rule 22.24 governs the assessment of costs in this proceeding.[3] Under SCR 22.24(1m), the court's general

---

[3] SCR 22.24 reads in part: Assessment of costs.

(1) The supreme court may assess against the respondent all or a portion of the costs of a disciplinary proceeding in which misconduct is found, a medical incapacity proceeding in which it finds a medical incapacity, or a reinstatement proceeding and may enter a judgment for costs. The director may assess all or a portion of the costs of an investigation when discipline is imposed under SCR 22.09. Costs are payable to the office of lawyer regulation.

(1m) The court's general policy is that upon a finding of misconduct it is appropriate to impose all costs, including the expenses of counsel for the office of lawyer regulation, upon the respondent. In cases involving extraordinary circumstances the court may, in the exercise of its discretion, reduce the amount of costs imposed upon a respondent. . . .

policy is to impose costs on the respondent, Attorney Batt. To award less than full costs, the court must find "extraordinary circumstances." *Id.* Attorney Batt has not objected to the costs and has not claimed extraordinary circumstances to justify the imposition of less than full costs. We conclude Attorney Batt shall bear the entire costs of the proceedings.[4]

¶ 14. IT IS ORDERED that Douglas Batt is publicly reprimanded as discipline for professional misconduct.

¶ 15. IT IS FURTHER ORDERED that within 90 days of the date of this order, Douglas Batt pay to the Office of Lawyer Regulation the costs of this proceeding. If costs are not paid within the time specified and absent a showing of his inability to pay, Douglas Batt's license to practice law in Wisconsin shall be suspended until further order of the court.

[4] The OLR filed a statement of costs totaling $4,772.09.